(No. 94-CV-3047—)

*In re* APPLICATION OF DELORIS ARMSTRONG

*Order filed December 6, 1994.*
*Order filed June 7, 1996.*

DELORIS ARMSTRONG and GAIL TONEY, *pro se,* for Claimant.

JAMES E. RYAN, Attorney General (PAUL CHO, Assistant Attorney General, of counsel), for Respondent.

600

## ORDER

PER CURIAM.

This claim arises out of an incident that occurred on September 29, 1993. Deloris Armstrong, aunt of the deceased victim, James Earl Thomas, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq*.

This Court has carefully considered the application for benefits submitted on May 6, 1994 on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on September 29, 1993, the victim was shot by the alleged offender. The incident occurred near 4216 West Jackson, Chicago, Illinois. Police investigation revealed that the victim was known as a chief of a street gang. He went to this area to confront members of a rival street gang about an earlier altercation. During an ensuing dispute, the alleged offender shot the victim. The alleged offender has been apprehended and charged with first degree murder. The criminal proceedings against him are currently pending.

2. That section 10.d of the Crime Victims Compensation Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that this incident occurred due to the fact that the victim and the alleged offender were members of opposing street gangs. This incident occurred as a result of their gang affiliation, gang rivalry and face to face provocation.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## ORDER

SOMMER, C.J.

On September 29, 1993, James Earl Thomas was shot to death on West Jackson in the City of Chicago. Pursuant to the Crime Victim's Compensation Act (Ill. Rev. Stat. 1991, ch. 70, par. 71 *et seq.*, now 740 ILCS 45/1 *et seq.*) a claim was made by Deloris Armstrong, the decedent's aunt, for funeral expenses she had paid. On December 6, 1994, this Court originally denied the application for benefits submitted by the Claimant due to the fact that the Claimant's decedent was participating in gang activity which contributed to his death.

A hearing on this matter was held on August 14, 1995. Submitted during the course of the hearing was the report of the pathologist who conducted an autopsy on Mr. Thomas. In his opinion, the decedent died as a result of multiple gunshot wounds to the body. According to the reports submitted by the Chicago Police Department, the decedent was found at the scene of the shooting in clothes

which exhibited gang graffiti and symbolism. A friend of the victim informed the police that Mr. Thomas was a member of the Black Gangster Disciples. That person also indicated that the victim was in that location to talk with another gang about a prior fight. The investigating officers checked the Chicago Police Department records and determined that the victim was a Black Gangster Disciple, with a criminal record. Further investigation by the police confirmed that the victim was at the scene of the shooting because of a prior incident. The man eventually arrested for shooting Mr. Thomas admitted that the motive for the shooting was a previous gang altercation.

It is clear that the victim and the alleged offender in this case were from opposing street gangs. This incident occurred because of their gang affiliation, gang rivalry and previous gang incidents. The victim's conduct and his membership in a gang provoked and contributed to his own death and, therefore, the claim will be denied under section 10.1(d) of the Crime Victims Compensation Act (740 ILCS 45/10.1(d)), which states that an award may be denied where the decedent provoked and contributed to his own death.

It is therefore, ordered that this Court's order of December 6, 1994, is affirmed and the present appeal is denied.